UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANIL KUMAR, | No. 2: 16-cv-0768 KJN P |
| Plaintiff, | |
| v. | ORDER |
| JEH JOHNSON, et al., | |
| Defendants. | |

Introduction

Plaintiff is an immigration detainee housed at the Yuba County Jail, and is proceeding without counsel. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics, 403 U.S. 388 (1971). Plaintiff has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

Plaintiff has consented to the jurisdiction of the undersigned.

Request to Proceed In Forma Pauperis

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus must pay a filing fee of $400.00.[1]  See 28

---

[1] In addition to the $350.000 statutory fee, all parties filing civil actions on or after May 1, 2013, must pay an additional administrative fee of $50.00.  See 28 U.S.C. § 1914(a) (Judicial

1

U.S.C. § 1914(a).  An action may proceed despite a plaintiff's failure to prepay the entire fee only if the plaintiff is granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a).  See Rodriguez v. Gook, 169 F.3d 1176, 1177 (9th Cir. 1999).  However, "[u]nlike other indigent litigants, prisoners proceeding IFP must pay the full amount of filing fees in civil actions and appeals pursuant to the PLRA [Prison Litigation Reform Act]." Agyeman v. INS, 296 F.3d 871, 886 (9th Cir. 2002).  As defined by the PLRA, a "prisoner" is "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program."  28 U.S.C. § 1915(h).  Under this definition, "an alien detained by the INS pending deportation is not a 'prisoner' within the meaning of the PLRA," because deportation proceedings are civil, rather than criminal in nature, and an alien detained pending deportation has not necessarily been "accused of, convicted of, sentenced or adjudicated delinquent for, a violation of criminal law." Agyeman, 296 F.3d at 886.  Thus, because plaintiff claims to be an immigration detainee, and not a "prisoner" as defined by 28 U.S.C. § 1915(h), the filing fee provisions of 28 U.S.C. § 1915(b) do not apply.

Good cause appearing, plaintiff's application to proceed in forma pauperis is granted.

Screening Standard

Because plaintiff is appearing without counsel, the court must liberally construe his pleadings. Eldridge v. Block, 832 F.2d 1132, 1137 (9th Cir. 1987) (citing Boag v. MacDougall, 454 U.S. 364, 365 (1982)) ("The Supreme Court has instructed the federal courts to liberally construe the 'inartful pleading' of pro se litigants.").  Despite the liberal pro se pleading standard, however, the court must subject each civil action commenced pursuant to 28 U.S.C. § 1915(a) to mandatory screening and order the dismissal of any claim it finds "frivolous, malicious, failing to state a claim upon which relief may be granted, or seeking monetary relief from a defendant immune from such relief."  28 U.S.C. § 1915(e)(2)(B); Lopez v. Smith, 203 F.3d 1122, 1127 (9th

---

Conference Schedule of Fees, District Court Misc. Fees Schedule) (eff. May 1, 2013.)  However, the additional $50 administrative fee is waived if the plaintiff is granted leave to proceed in forma pauperis.  Id.

1  Cir. 2000) (stating that 28 U.S.C. § 1915(e) "not only permits but requires" the court to sua
2  sponte dismiss an in forma pauperis complaint that fails to state a claim); Calhoun v. Stahl, 254
3  F.3d 845, 845 (9th Cir. 2001) (holding that the provisions of 28 U.S.C. § 1915(e)(2)(B) are not
4  limited to prisoners).

5  Discussion

6       Plaintiff alleges that he is an immigration detainee at the Yuba County Jail.  In his
7  complaint, plaintiff challenges various conditions at the Yuba County Jail.  Named as defendants
8  are Secretary of the Department of Homeland Security ("DHS") Johnson, Director of U.S.
9  Immigration and Customs Enforcement ("ICE") Saldana, ICE Executive Associate Director of
10 Enforcement and Removal Operations Homan, ICE Field Office Director Macias, Attorney
11 General Lynch and Yuba County Sheriff Durfor.  Plaintiff alleges that he is suing defendants in
12 their official capacities.

13      The undersigned first considers plaintiff's claims against the federal defendants, i.e
14 defendants Johnson, Saldana, Homan, Macias and Lynch, brought pursuant to Bivens.  As relief,
15 plaintiff requests that ICE and DHS be required to re-evaluate the conditions of confinement he is
16 housed under and their confinement guidelines and procedures.  Plaintiff also requests that the
17 federal defendants be required to provide more training and education to their agents and officers.
18 Plaintiff also requests that the court issue declaratory relief in the form of an order requiring the
19 federal defendants to issue new rules and regulations for more "humanely sustainable" conditions
20 of detention.  Finally, plaintiff requests that he be provided "some relief or benefits" for his
21 troubles and hardships.

22      The Ninth Circuit recently held that relief under Bivens does not encompass injunctive
23 and declaratory relief where the equitable relief sought requires official government action.
24 Solida v. McKelvey, 2016 WL 2342127 at *3 (9th Cir. May 4, 2016).  The injunctive and
25 declaratory relief plaintiff seeks requires official government action.  Accordingly, plaintiff's
26 request for injunctive relief against the federal defendants is dismissed.

27      It appears that plaintiff may be seeking money damages against the federal defendants in
28 their individual capacities.  Bivens provides that "federal courts have the inherent authority to

award damages against federal officials to compensate plaintiffs for violations of their constitutional rights." Western Center for Journalism v. Cederquist, 235 F.3d 1153, 1156 (9th Cir. 2000); Bivens, 403 U.S. at 394. The Supreme Court has made it clear that in a Bivens action, "[g]overnment officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior." Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009). "Because vicarious liability is inapplicable to Bivens and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Id.; see OSU Student All v. Ray., 699 F.3d 1053, 1071 (9th Cir. 2012) ("Iqbal makes crystal clear that constitutional tort claims against supervisory defendants turn on the requirements of the particular claim—and, more specifically, on the state of mind required by the particular claim—not on a generally applicable concept of supervisory liability.")

With respect to the federal defendants, plaintiff has pled no facts demonstrating that their conduct led to the alleged violations of his constitutional rights. For example, plaintiff has not pled specific facts demonstrating that the conduct of the federal defendants caused him to receive allegedly inadequate medical care. Accordingly, plaintiff's claims for damages against the federal defendants are dismissed.

The undersigned next considers plaintiff's claims against defendant Sheriff Durfor, sued in his official capacity. Plaintiff seeks the same relief against defendant Durfor as he seeks against the federal defendants.

Under the Supreme Court's decision in Monell v. New York City Dept. of Social Servs., 436 U.S. 658, 689–91 (1977), a government entity may be held liable under 42 U.S.C. § 1983, but such liability must be founded upon evidence that the government unit itself supported a violation of constitutional rights and not on the basis of the respondeat superior doctrine or vicarious liability. A claim against a state or municipal official in his official capacity is treated as a claim against the entity itself. See Kentucky v. Graham, 473 U.S. 159, 166 (1985). The Supreme Court has stated that an official capacity claim is simply "'another way of pleading an action against an entity of which an officer is an agent.' As long as the government entity receives notice and an opportunity to respond, an official-capacity suit is, in all respects other

4

than name, to be treated as a suit against the entity." Id. at 165-66 (quoting Monell, 436 U.S. at 690 n.55).

Pursuant to the case law discussed above, the undersigned finds that plaintiff's claims against defendant Sheriff Durfor, in his official capacity, are really claims against Yuba County.

Municipal liability only attaches when execution of a government's policy or custom inflicts the plaintiff's injury. Monell, 436 U.S. at 694; see also Bd. of Cnty. Comm'rs of Bryan Cnty., Okl. v. Brown, 520 U.S. 397, 403 (1997). A plaintiff may demonstrate a policy or custom of a municipality by showing one of the following:

> (1) a longstanding practice or custom which constitutes the standard operating procedure of the local government entity;
>
> (2) that the decision-making official was, as a matter of state law, a final policymaking authority whose edicts or acts may fairly be said to represent official policy in the area of decision; or
>
> (3) that an official with final policymaking authority either delegated that authority to, or ratified the decision of, a subordinate.

Menotti v. City of Seattle, 409 F.3d 1113, 1147 (9th Cir. 2005) (citing Ulrich v. City and County of San Francisco, 308 F.3d 968, 984–85 (9th Cir. 2002)) (internal quotation marks and citations omitted). The Ninth Circuit has held that a single incident will not suffice to show a policy. See Christie v. Iopa, 176 F.3d 1231, 1235 (9th Cir. 1999). In order to succeed, plaintiff must show a longstanding practice or custom which constitutes the standard operating procedure of the local government entity. See Trevino v. Gates, 99 F.3d 911, 918 (9th Cir. 1996). "The custom must be so 'persistent and widespread' that it constitutes a permanent and well settled city policy." Id. (quoting Monell, 436 U.S. at 691). "Liability for improper custom may not be predicated on isolated or sporadic incidents; it must be founded upon practices of sufficient duration, frequency and consistency that the conduct has become a traditional method of carrying out policy." Id.

The undersigned considers whether plaintiff has pled facts demonstrating that his constitutional rights were violated pursuant to a Yuba County custom or policy. Plaintiff first alleges that he has been denied his right to practice his Catholic religion. Plaintiff alleges that the only religious service offered at the Yuba County Jail is a Protestant service on Sundays. Plaintiff has pled sufficient facts demonstrating a potentially colorable claim that he was denied his right

to practice his religion pursuant to a Yuba County custom or policy.

Plaintiff next alleges that the amount of clean clothing he receives every week, i.e., three rolls, is not adequate. Plaintiff alleges that he is forced to wear dirty clothes and that most of the clothing is worn out and damaged. Plaintiff also alleges that he is not given clothing that fits his large body type. Plaintiff has pled sufficient facts demonstrating a potentially colorable claim that he is not given adequate, clean clothing.

Plaintiff next alleges that he does not receive adequate law library access. Plaintiff alleges that he has submitted law library request forms but they are not honored. Plaintiff alleges that when he asks the deputies for law library access, they make up some excuse. Plaintiff alleges that he wrote to ICE about the inadequate law library access, and they responded that they were aware of this situation and working on it. Plaintiff's allegation that ICE was aware of the problem, i.e., detainees receiving inadequate law library access and that ICE was working on it, suggests that plaintiff's alleged inadequate law library access was caused by a Yuba County custom or policy. Accordingly, the undersigned finds that plaintiff has plead sufficient facts demonstrating a potentially colorable claim for inadequate law library access.

Plaintiff alleges that he receives inadequate medical care at the Yuba County Jail. Plaintiff alleges that he is only allowed to see nurses, who have failed to provide adequate medical care. Plaintiff alleges that his left toe is black and hurts, possibly as a result of his diabetes. Plaintiff alleges that he has seen a nurse on two occasions regarding his toe but "nothing came of it." Plaintiff also alleges that he received inadequate medical care from a nurse regarding pain in his ears. The undersigned finds that plaintiff has pled sufficient facts supporting a potentially colorable claim that he is being denied adequate medical care pursuant to a Yuba County policy or custom which prohibits detainees from seeing a doctor.

Plaintiff alleges that he receives inadequate mental health care at the Yuba County Jail. Plaintiff alleges that he suffers from obsessive style bipolar, paranoia and depression, for which he takes psychotropic medication. Plaintiff alleges that he was told that a mental health counselor and psychiatrist are available at the jail, but this service is not available to him because he is a detainee. Plaintiff alleges that he is allowed to see a psychiatrist via the internet, but that he has

to wait a month for this internet consultation. Plaintiff alleges that the only in-person mental health treatment he receives at the Yuba County jail is with a Licensed Clinical Social Worker ("LCSW"), and he must wait one or two weeks for an appointment. Plaintiff alleges that he requires better mental health care because his mental health problems get out of control because of the stress of being detained in such a small living area. The undersigned finds that plaintiff has pled sufficient facts supporting a potentially colorable claim that he is being denied adequate mental health care pursuant to a Yuba County policy or custom.

Plaintiff next alleges that the conditions of the jail pod he lives in are inadequate. Plaintiff alleges that the conditions of the pod are "small and tight." Plaintiff alleges that there are fights. Plaintiff alleges that detainees of the "majority" race dominate the minority, and do as they please. Plaintiff alleges that detainees walk around all the time with black eyes and broken hands and fingers. The undersigned finds that plaintiff has pled sufficient facts supporting a potentially colorable claim that the conditions of the pod where the detainees are housed is overcrowded and unsafe pursuant to a Yuba County policy or custom.

Plaintiff alleges that defendant Yuba County does not have an adequate grievance procedure. The undersigned finds that plaintiff has pled sufficient facts supporting a potentially colorable claim that he is unable to file administrative grievances.

Plaintiff alleges that the conditions of his pod are unsanitary. Plaintiff alleges that he lives in C pod, which is in the basement of the jail, with 50 other detainees. Plaintiff alleges that since he arrived at the jail in November 2015, he has witnessed three sewer and waste water drainage backups. Plaintiff alleges that the detainees and county inmates were required to clean up the sewage spills. Plaintiff alleges that the detainees and inmates were not given bleach or cleaning solution strong enough to get rid of the sewage smell. Plaintiff also alleges that the deputies washed the blankets and sheets that were used to initially contain the sewage spill, and put them back in circulation. The undersigned finds that plaintiff has pled sufficient facts supporting a potentially colorable claim that the conditions of his pod are unsanitary, pursuant to a Yuba County policy or custom.

While it is unlikely that plaintiff can cure the pleading defects against the federal

defendants, plaintiff is granted thirty days to file an amended complaint. The amended complaint must contain all claims against all defendants. If plaintiff does not file an amended complaint within that time, the undersigned will order service of defendant Durfor, in his official capacity, as to the claims found colorable above.

On May 13, 2016, plaintiff filed a motion requesting that the court assist him in obtaining documents from the Yuba County Jail and the Rio Consumnes Correctional Center. (ECF No. 11.) Plaintiff alleges that documents held by these two entities are "essential" to his case. No defendants have been served in this action. Once a defendant has been served, plaintiff may request documents through the discovery process. Accordingly, plaintiff's request for assistance in obtaining documents is denied as premature.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

2. Plaintiff is granted thirty days to file an amended complaint; if plaintiff does not file an amended complaint within that time, the court will order service of defendant Durfor;

3. Plaintiff's motion for assistance in obtaining documents (ECF No. 11) is denied.

Dated: May 19, 2016

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Kum768.14
kc