UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANIL KUMAR,<br><br>   Plaintiff,<br><br>  v.<br><br>JEH JOHNSON, et al.,<br><br>   Defendants. | No. 2: 16-cv-0768 KJN P<br><br><br>ORDER |

  Plaintiff is an immigration detainee, and is proceeding without counsel. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and <u>Bivens v. Six Unknown Named Federal Agents of the Fed. Bureau of Narcotics</u>, 403 U.S. 388 (1971). On May 19, 2016, the undersigned dismissed plaintiff's complaint with leave to amend. (ECF No. 12.) Pending before the court is plaintiff's amended complaint. (ECF No. 13.)

  In the original complaint, plaintiff challenged various conditions at the Yuba County Jail. Named as defendants were Secretary of the Department of Homeland Security ("DHS") Director Johnson, Director of U.S. Immigration and Customs Enforcement ("ICE") Saldana, ICE Executive Associate Director of Enforcement and Removal Operations Homan, ICE Field Office Director Macias, Attorney General Lynch and Yuba County Sheriff Dufor. Plaintiff alleged that he was suing defendants in their official capacities.

////

1      In the May 19, 2016, order, the undersigned found that plaintiff's claim for injunctive relief against the federal defendants was not cognizable, because the Ninth Circuit recently held that relief under Bivens does not encompass declaratory and injunctive relief when the injunctive relief sought requires official government action. (ECF No. 12 at 3.) The undersigned dismissed plaintiff's claim for damages against the federal defendants with leave to amend. (Id. at 3-4.) The undersigned found that plaintiff had pled no specific facts demonstrating that the conduct of the federal defendants violated his constitutional rights. (Id. at 4.) The undersigned found the claims against defendant Sheriff Dufor to state potentially cognizable claims for relief. (Id.) The undersigned ordered that if plaintiff did not file an amended complaint, he would order service of defendant Durfor. (Id. at 8.)

      Plaintiff's amended complaint names the same defendants as those named in the original complaint. (ECF No. 13.) However, the amended complaint appears only to address the claims against the federal defendants. Plaintiff argues that the federal defendants had knowledge of the allegedly unconstitutional conditions by way of a federal consent decree. Plaintiff's amended complaint does not include his claims against defendant Sheriff Dufor. Plaintiff's amended complaint also does not describe each at-issue condition as did the original complaint, i.e., inability to practice Catholic religion, inadequate clean clothing, etc.

      The court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This requirement exists because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

      Plaintiff's amended complaint does not comply with Local Rule 220 because it is not complete in itself. For this reason, the amended complaint is dismissed. Plaintiff is granted thirty days to file a second amended complaint that includes all claims and allegations against all defendants.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's amended complaint (ECF No. 13) is dismissed;

2. Plaintiff is granted thirty days to file a second amended complaint; if plaintiff does not file a second amended complaint within that time, the court will order service of those claims found colorable in the original complaint.

Dated: June 8, 2016

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Kum768.ame