1
2
3
4
5
6
7
8                           UNITED STATES DISTRICT COURT
9                     FOR THE EASTERN DISTRICT OF CALIFORNIA
10

11   ANIL KUMAR,                             No. 2:16-cv-0768 KJN P
12            Plaintiff,
13      v.                                   ORDER SETTING SETTLEMENT
                                             CONFERENCE
14   JEH JOHNSON, et al.,
15            Defendants.
16

17          Plaintiff is an immigration detainee, proceeding without counsel.  Plaintiff seeks relief

18   pursuant to 42 U.S.C. § 1983, Bivens v. Six Unknown Named Federal Agents of the Fed. Bureau

19   of Narcotics, 403 U.S. 388 (1971), the Religious Freedom and Restoration Act ("RFRA") and the

20   Religious Land Use and Institutionalized Persons Act ("RLUIPA").  The court has determined

21   that this case will benefit from a settlement conference.  Therefore, this case will be set for a

22   settlement conference before the undersigned to occur at the U.S. District Court, 501 I Street,

23   Sacramento, California 95814 in Courtroom #25 on March 22, 2017, at 9:30 a.m.

24          Parties will be required to file a signed "Waiver of Disqualification" (attached below), no

25   later than March 8, 2017.

26          A separate order and writ of habeas corpus ad testificandum will issue concurrently with

27   this order.

28                                              1

In accordance with the above, IT IS HEREBY ORDERED that:

1.  This case is set for a settlement conference before the undersigned to occur on March 22, 2017, at 9:30 a.m. at the U. S. District Court, 501 I Street, Sacramento, California 95814 in Courtroom #25.

2.  Plaintiff will appear at the settlement conference by video conference, from his present place of detainment, as directed by separate order.

3.  Parties are required to file a signed "Waiver of Disqualification" no later than March 8, 2017.

4.  A representative with full and unlimited authority to negotiate and enter into a binding settlement shall attend in person[1].

5.  Those in attendance must be prepared to discuss the claims, defenses and damages. The failure of any counsel, party or authorized person subject to this order to appear in person may result in the imposition of sanctions.  In addition, the conference will not proceed and will be reset to another date.

6.  The parties are directed to exchange non-confidential settlement statements seven days prior to the settlement conference.  These statements shall simultaneously be delivered to the court using the following email address: kjnorders@caed.uscourts.gov.  Plaintiff shall mail his non-confidential settlement statement to arrive not less than seven days prior to the settlement conference, addressed to Magistrate Judge Kendall J. Newman,

---

[1] While the exercise of its authority is subject to abuse of discretion review, "the district court has the authority to order parties, including the federal government, to participate in mandatory settlement conferences... ." United States v. United States District Court for the Northern Mariana Islands, 694 F.3d 1051, 1053, 1057, 1059 (9th Cir. 2012)("the district court has broad authority to compel participation in mandatory settlement conference[s]").  The term "full authority to settle" means that the individuals attending the mediation conference must be authorized to fully explore settlement options and to agree at that time to any settlement terms acceptable to the parties.  G. Heileman Brewing Co., Inc. v. Joseph Oat Corp., 871 F.2d 648, 653 (7th Cir. 1989), cited with approval in Official Airline Guides, Inc. v. Goss, 6 F.3d 1385, 1396 (9th Cir. 1993). The individual with full authority to settle must also have "unfettered discretion and authority" to change the settlement position of the party, if appropriate.  Pitman v. Brinker Int'l., Inc., 216 F.R.D. 481, 485-86 (D. Ariz. 2003), amended on recon. in part, Pitman v. Brinker Int'l., Inc., 2003 WL 23353478 (D. Ariz. 2003).  The purpose behind requiring the attendance of a person with full settlement authority is that the parties' view of the case may be altered during the face to face conference.  Pitman, 216 F.R.D. at 486.  An authorization to settle for a limited dollar amount or sum certain can be found not to comply with the requirement of full authority to settle.  Nick v. Morgan's Foods, Inc., 270 F.3d 590, 596-97 (8th Cir. 2001).

USDC CAED, 501 I Street, Suite 4-200, Sacramento, CA 95814.  The envelope shall be marked "Settlement Statement."  If a party desires to share additional confidential information with the court, they may do so pursuant to the provisions of Local Rule 270(d) and (e).

7. The Clerk of the Court is directed to serve a copy of this order on ICE Case Manager Sandra Kroman via facsimile at (661) 328-4475.

Dated:  December 15, 2016

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Kuma0768.med

3

UNITED STATES DISTRICT COURT

FOR EASTERN DISTRICT OF CALIFORNIA

ANIL KUMAR,

        Plaintiff,

    v.

JEH JOHNSON, et al.,

        Defendants.

No. 2:16-cv-0768 KJN P

WAIVER OF DISQUALIFICATION

        Under Local Rule 270(b) of the Eastern District of California, the parties to the herein action affirmatively request that Magistrate Judge Kendall J. Newman participate in the settlement conference scheduled for March 22, 2017.  To the extent the parties consent to trial of the case before the assigned Magistrate Judge, they waive any claim of disqualification to the assigned Magistrate Judge trying the case thereafter.

By:
    Plaintiff

Dated:_____

By:
    Attorney for Defendants

Dated:_____